In the Matter of FLORINE F. GORMAN, Appellant, against ALLEN J. GOODRICH et al., Constituting the State Tax Commission, Respondents.— In a proceeding pursuant to article 78 of the Civil Practice Act to review and set aside a determination made by the Veterans Bonus Bureau of the Department of Taxation and Finance, rejecting petitioner's application, as next of kin of a deceased veteran, for the payment of a veteran's bonus, the appeal is from an order denying the application and dismissing the petition. Order unanimously affirmed, without costs. The only evidence submitted as proof of the death of the veteran, appellant's husband, is an order of the Supreme Court, Kings County, entered on July 13, 1953, dissolving the appellant's marriage with the veteran pursuant to section 7-a of the Domestic Relations Law. The order contains no finding that the veteran is dead, nor is such finding required by the statute. The effect of the order of dissolution was "merely to transform the probability of death into a legal certainty so far as a marriage contracted thereafter was concerned." (*Matter of Kotlik*, 153 Misc. 355, 356.) Furthermore, if it be assumed that the order was based on a determination that appellant's husband is dead, it is of no effect as against respondents, who were strangers to the proceeding in which it was made, except insofar as it may determine appellant's marital status, nor would it afford protection against a claim by the veteran for the same bonus, if it were subsequently to transpire

that he is still living. (Cf. *Matter of Holmes*, 291 N. Y. 261, and *Scott* v. *McNeal*, 154 U. S. 34.) We do not decide whether respondents may demand, as a condition of payment, conclusive proof of death, or whether they would be required to make payment to appellant on presentation of unrebutted presumptive evidence thereof. Appellant may, if so advised, renew her application on such further proof as may be available. Present — Nolan, P. J., MacCrate, Schmidt, Beldock and Murphy, JJ. [See *post*, p. 1060.]